David A. Stein (DS-1631)
MOSKOWITZ & BOOK, LLP
345 Seventh Avenue, 21st Floor
New York, NY 10001
Tel: (212) 221-7999
dstein@mb-llp.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAN ESTEBAN MEDELLIN, FERNANDO MEJIA, and MOISES PEREZ AGUIRRE, *individually and on behalf of others similarly situated,*<br><br>                              Plaintiffs,<br><br>                    v.<br><br>FLEET DESIGN INC. (D/B/A FLEET DESIGNS), ISSAC FISCH, YITZCHOK A. FISCH (AKA MR. HISCO), and JOHN DOE (AKA MR. FISHY),<br><br>                              Defendants. | Case No.:  1:18-cv-00241-MKB-JO<br><br>Collective Action Under 29 U.S.C. § 216(b)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants Fleet Design Inc. (d/b/a Fleet Designs) ("Fleet"), Isaac Fisch (sued

incorrectly as Issac Fisch) a/k/a Yitzchok A. Fisch (a/k/a Mr. Hisco), and John Doe (a/k/a Mr.

Fishy) ("collectively, "Defendants"), by and through their undersigned counsel, for their Answer

to the First Amended Complaint ("Amended Complaint") state as follows:

<u>NATURE OF ACTION</u>

1.      Defendants deny the allegations contained in Paragraph 1 of the Amended

Complaint, except admit that plaintiffs Adan Esteban Medellin ("Medellin"), Fernando Mejia

("Mejia"), and Moises Perez Aguirre ("Perez") are former employees of Fleet.

2.      Defendants deny the allegations contained in Paragraph 2 of the Amended Complaint, except admit that defendant Yitzchok A. Fisch a/k/a Isaac Fisch ("Fisch") owns and operates Fleet, which maintains a place of business at 50 Taaffe Place, Brooklyn, NY 11205.

3.      Defendants deny the allegations contained in Paragraph 3 of the Amended Complaint, except admit that defendant Fisch owns and operates Fleet.

4.      Defendants deny the allegations contained in Paragraph 4 of the Amended Complaint, except admit that plaintiffs Medellin, Mejia, and Perez are former employees of Fleet.

5.      Defendants deny the allegations contained in Paragraph 5 of the Amended Complaint, except admit that plaintiffs Medellin, Mejia, and Perez were employed as construction workers and tile installers by Fleet.

6.      Defendants deny the allegations contained in Paragraph 6 of the Amended Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint.

10.     Paragraph 10 of the Amended Complaint describes the nature of this action and contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

11.    Paragraph 11 of the Amended Complaint describes the nature of this action and contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

<u>JURISDICTION AND VENUE</u>

12.    Paragraph 12 of the Amended Complaint contains legal conclusions to which no response is required. To the extent this paragraph is deemed to contain allegations of fact, they are denied.

13.    Paragraph 13 of the Amended Complaint contains legal conclusions to which no response is required. To the extent this paragraph is deemed to contain allegations of fact, they are denied.

<u>PARTIES</u>

14.    Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the residence of Medellin and admit that Medellin was employed by Fleet from on or before December 28, 2012 until on or about October 10, 2016.

15.    Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the residence of Mejia and admit that Mejia was employed by Fleet from on or about September 5, 2016 to on or about October 10, 2016, and from on or about October 31, 2017 until on or about December 25, 2017.

16.    Defendants deny the allegations contained in Paragraph 16 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the residence

of Perez and admit that Perez was employed by Fleet from on or about December 27, 2013 until on or about December 25, 2017.

17.     Defendants deny the allegations contained in Paragraph 17 of the Amended Complaint, except admit that defendant Fisch owns and operates Fleet, which maintains a place of business at 50 Taaffe Place, Brooklyn, NY 11205.

18.     Defendants admit the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Amended Complaint, except admit that at all relevant times defendant Fisch was and is the owner and operator of Fleet.

20.     Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint, except admit that at all relevant times defendant Fisch was and is the owner and operator of Fleet.

21.     Defendants deny the allegations contained in Paragraph 21 of the Amended Complaint.

## FACTUAL ALLEGATIONS

22.     Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint, except admit that defendant Fisch owns and operates Fleet, which maintains a place of business at 50 Taaffe Place, Brooklyn, NY 11205.

23.     Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint, except admit that defendant Fisch owns and operates Fleet.

24.     Paragraph 24 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

25.     Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint, except admit that defendant Fisch owns and operates Fleet.

26.     Paragraph 26 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

27.     Paragraph 27 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

28.     Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

29.     Paragraph 29 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

30.     Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint, except admit that during all relevant years Fleet had gross annual revenue of not less than $500,000.

31.     Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint, except admit that Fleet is engaged in interstate commerce.

32.     Defendants deny the allegations contained in Paragraph 32 of the Amended Complaint, except admit that plaintiffs Medellin, Mejia, and Perez were employed as construction workers and tile installers by Fleet.

33.     Paragraph 33 of the Amended Complaint describes the nature of this action and contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

34.     Defendants deny the allegations contained in Paragraph 34 of the Amended Complaint, except admit that Medellin was employed by Fleet from on or before December 28, 2012 until on or about October 10, 2016.

35.     Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint, except admit that plaintiff Medellin was employed as a construction worker and tile installer by Fleet.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint, except admit that Medellin's work schedule was reduced by federal holidays, Jewish holidays, and the Jewish Sabbath.

41.     Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint, except admit that at all relevant times Fleet paid Medellin his wages by check.

42.     Defendants deny the allegations contained in Paragraph 42 of the Amended Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54.     Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint, except admit that Mejia was employed by Fleet from on or about September 5, 2016 to on or about October 10, 2016, and from on or about October 31, 2017 until on or about December 25, 2017.

55.     Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint, except admit that plaintiff Mejia was employed as a construction worker and tile installer by Fleet.

56.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint, except admit that Mejia's work schedule was reduced by federal holidays, Jewish holidays and the Jewish Sabbath.

61.     Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint, except admit that at all relevant times Fleet paid Mejia his wages by check.

62.     Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Amended Complaint and refer to Mejia's paystubs during the relevant period for the true and accurate contents thereof.

72.     Defendants deny the allegations contained in Paragraph 72 of the Amended Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint, except admit that Perez was employed by Fleet from on or about December 27, 2013 until on or about December 25, 2017.

75.     Defendants deny the allegations contained in Paragraph 75 of the Amended Complaint, except admit that plaintiff Perez was employed as a construction worker and tile installer by Fleet.

76.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Amended Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint, except admit that Perez's work schedule was reduced by federal holidays, Jewish holidays and the Jewish Sabbath.

82.     Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint, except admit that at all relevant times Fleet paid Perez his wages by check.

83.     Defendants deny the allegations contained in Paragraph 83 of the Amended Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Amended Complaint.

88.     Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of the Amended Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Amended Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Amended Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Amended Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Amended Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Amended Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the Amended Complaint.

96.     Defendants deny the allegations contained in Paragraph 96 of the Amended Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Amended Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of the Amended Complaint.

99.     Defendants deny the allegations contained in Paragraph 99 of the Amended Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Amended Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Amended Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Amended Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Amended Complaint.

104.     Defendants deny the allegations contained in Paragraph 104 of the Amended Complaint.

105.     Defendants deny the allegations contained in Paragraph 105 of the Amended Complaint.

106.     Paragraph 106 of the Amended Complaint describes the nature of this action and contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

107.     Defendants deny the allegations contained in Paragraph 107 of the Amended Complaint.

108.     Defendants deny the allegations contained in Paragraph 108 of the Amended Complaint.

<u>FIRST CAUSE OF ACTION</u>

VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

109.     Defendants repeat and re-allege each and every admission, denial, and response contained in the foregoing paragraphs of this Answer as if fully set forth at length herein.

110.     Paragraph 110 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

111.     Defendants deny the allegations contained in Paragraph 111 of the Amended Complaint, except admit that Fleet is engaged in interstate commerce.

112.     Paragraph 112 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

113.    Defendants deny the allegations contained in Paragraph 113 of the Amended Complaint.

114.    Defendants deny the allegations contained in Paragraph 114 of the Amended Complaint.

115.    Defendants deny the allegations contained in Paragraph 115 of the Amended Complaint.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

116.    Defendants repeat and re-allege each and every admission, denial, and response contained in the foregoing paragraphs of this Answer as if fully set forth at length herein.

117.    Paragraph 117 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

118.    Defendants deny the allegations contained in Paragraph 118 of the Amended Complaint.

119.    Defendants deny the allegations contained in Paragraph 119 of the Amended Complaint.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

120.    Defendants repeat and re-allege each and every admission, denial, and response contained in the foregoing paragraphs of this Answer as if fully set forth at length herein.

121.     Paragraph 121 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

122.     Defendants deny the allegations contained in Paragraph 122 of the Amended Complaint.

123.     Defendants deny the allegations contained in Paragraph 123 of the Amended Complaint.

124.     Defendants deny the allegations contained in Paragraph 124 of the Amended Complaint.

<u>FOURTH CAUSE OF ACTION</u>

VIOLATION OF THE OVERTIME PROVISIONS
OF THE NEW YORK STATE LABOR LAW

125.     Defendants repeat and re-allege each and every admission, denial, and response contained in the foregoing paragraphs of this Answer as if fully set forth at length herein.

126.     Paragraph 126 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

127.     Defendants deny the allegations contained in Paragraph 127 of the Amended Complaint.

128.     Defendants deny the allegations contained in Paragraph 128 of the Complaint.

<u>FIFTH CAUSE OF ACTION</u>

VIOLATION OF THE NOTICE AND RECORDKEEPING
REQUIREMENTS OF THE NEW YORK STATE LABOR LAW

129.    Defendants repeat and re-allege each and every admission, denial, and response contained in the foregoing paragraphs of this Answer as if fully set forth at length herein.

130.    Paragraph 130 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

131.    Defendants deny the allegations contained in Paragraph 131 of the Amended Complaint.

<u>SIXTH CAUSE OF ACTION</u>

VIOLATION OF THE WAGE STATEMENT PROVISIONS
OF THE NEW YORK STATE LABOR LAW

132.    Defendants repeat and re-allege each and every admission, denial, and response contained in the foregoing paragraphs of this Answer as if fully set forth at length herein.

133.    Paragraph 133 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

134.    Defendants deny the allegations contained in Paragraph 134 of the Amended Complaint.

<u>SEVENTH CAUSE OF ACTION</u>

RECOVERY OF EQUIPMENT COSTS

135.    Defendants repeat and re-allege each and every admission, denial, and response contained in the foregoing paragraphs of this Answer as if fully set forth at length herein.

136.    Paragraph 136 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent this paragraph is deemed to contain allegations of fact, they are denied.

137.    Defendants deny the allegations contained in Paragraph 137 of the Amended Complaint.

<u>ANSWERING THE PRAYER FOR RELIEF</u>

Defendants deny that Plaintiffs are entitled to any of the relief requested in the **WHEREFORE** clause and its subsections.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

### **Second Affirmative Defense**

The Amended Complaint and each of the Causes of Action pled therein fail to state a claim upon which relief may be granted.

### **Third Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, settlement and/or payment and release.

### **Fourth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### **Fifth Affirmative Defense**

Plaintiffs have failed to exhaust administrative remedies, in whole or in part.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by plaintiffs' failure to mitigate their damages, if any.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Eighth Affirmative Defense

Without assuming the burden of proof, the putative members of "FLSA Class" are not similarly suited to Plaintiffs under 29 U.S.C. § 216(b). The potential claims of the purported class members reflect variability.

### Ninth Affirmative Defense

Defendants at all relevant times have acted in good faith, in conformity with applicable law and regulations, and had reasonable grounds for believing their actions were in compliance with the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and New York Labor Law.

### Tenth Affirmative Defense

Defendants required non-exempt employees to take a half (1/2) hour uninterrupted lunch break and an additional 20-minute meal break between 5:00 p.m. and 7:00 p.m. during working hours, to correctly record all work time, and to review their paychecks promptly to make certain that they have been paid for all regular and overtime hours worked during the payroll period, and to identify and report any errors.

Defendants lacked actual or constructive knowledge of any under-reporting of hours by Plaintiffs, or unauthorized overtime hours worked by Plaintiffs, if any.

**Eleventh Affirmative Defense**

This action is barred to the extent Plaintiffs seek recovery for time that is not compensable time, i.e., "hours worked" under the FLSA.

**Twelfth Affirmative Defense**

Defendants invoke the defenses, protections, and limitations of the FLSA.

Dated: New York, New York
May 8, 2018

Respectfully submitted,

**MOSKOWITZ & BOOK, LLP**

By: _____
David A. Stein (DS-1631)

345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 221-7999

*Attorneys for Defendants*